JOHN NOBLES, *Appellant,* v. CHARLOTTE J. L'ENGLE, INDI-
VIDUALLY AND AS EXECUTRIX OF THE WILL OF FRANCIS F.
L'ENGLE, DECEASED, AND CLAUDE L'ENGLE, INDIVIDUALLY
AND AS TRUSTEE FOR FRANK FATIO L'ENGLE UNDER THE
WILL OF FRANCIS F. L'ENGLE, DECEASED, *Appellees.*

The pleadings and facts in this case are similar to those in the
case decided at the present term of January Nobles against
the same appellees, and the principles announced in the head
notes in that case apply equally as well as to this.

This case was decided by the court En Banc.

Appeal from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the
court.

*Cockrell & Cockrell* and *J. W. Archibald,* for Appellant;

*Geo. U. Walker & Son,* for Appellees.

TAYLOR, J.—The appellant on June 23rd, 1905, filed his
bill in equity in the circuit court of Duval county against
the appellees as defendants below for specific performance
of a contract to convey the lot of land described as being
the middle third of the west half of lot four (4) of block
one hundred and ninety-eight (198) in La Villa, a sub-
division of the city of Jacksonville. The pleadings and
rulings thereon and the evidence taken and reported and
the final decree made in this case are substantially the
same as those in the case this day decided here of Janu-
ary Nobles appellant against the same appellees, and
what is said in that case applies as well to this. The
decree appealed from is hereby reversed with directions
for the entry of an order requiring the defendant Claude

L'Engle to surrender to the appellant the possession of the lot involved in this suit, and that he be required to account fully for all of the rents, income and profits arising out of said lot since he took possession thereof in 1903, and that upon such accounting from the amount found to be due thereon there shall be deducted sufficient to pay in full, if there shall be enough, any balance that may remain unpaid either by January Nobles, the father of the appellant, or by the appellant upon the original purchase price and for taxes and the agreed annual rental and water bills on said lot, and if there shall be any overplus after paying said sums that a decree be rendered in favor of the complainant against the defendant Claude L'Engle for such overplus, and that the defendant executrix of F. F. L'Engle, deceased, shall then be decreed to execute and deliver to the appellant a deed of conveyance in fee to said lot. But upon such accounting if the amount due thereon from the defendant Claude L'Engle shall fall short of paying the balance due from the complainant for the original purchase price and the agreed annual rentals and taxes and water bills, that the complainant be required to pay such deficit by a short day, and upon his payment thereof, in such event, that the defendant executrix of F. F. L'Engle, deceased, be decreed to execute to him a deed in fee to said lot. The costs of this appeal to be taxed against the appellees.

Shackleford and Hocker, JJ., concur.

Whitfield, C. J., and Parkhill, J., concur in reversing the decree.

Cockrell, J., took no part, being disqualified.

Petition for rehearing in this case denied.

WHITFIELD, C. J.—This case is controlled by the decision in another case between the same parties disposed of this day, and the views expressed in the minority opinion filed in that case are applicable here. In my opinion the decree dismissing the bill of complaint should be reversed and the cause remanded for further proceedings according to law.

PARKHILL, J., concurs.